Case 5:21-cv-00019-HE   Document 1-1   Filed 01/11/21   Page 1 of 8

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 17 2020

RICK WARREN
COURT CLERK
42_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. SCOTTY ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | CJ-2020-5998 |
| | ) | Case No. CJ-20- |
| v. | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| 1. OIL CAPITAL ELECTRIC, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## PETITION

**COMES NOW THE PLAINTIFF**, Scotty Roberts, and pleads as follows:

### PARTIES

1. The Plaintiff is Scotty Roberts, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is Oil Capital Electric, LLC, a domestic limited liability company doing business in Oklahoma County, Oklahoma.

### VENUE

3. Plaintiff's claims are for disability discrimination, in including retaliation after Plaintiff requested accommodation, in violation of the Americans with Disabilities Act (ADA) and Oklahoma's Anti-Discrimination Act (OADA); and interference with Plaintiffs' rights under the Family Medical Leave Act (FMLA) as well as retaliation after Plaintiff exercised and/or requested to exercise his FMLA rights.

4. Most of the conduct giving rise to this litigation occurred in Oklahoma County, Oklahoma, such that venue is proper in Oklahoma County, Oklahoma.

### STATEMENT OF FACTS

5. The Defendant employed at least fifty employees within seventy-five road miles of Plaintiff's work location for at least twenty weeks of the current or proceeding year,

EXHIBIT 1

such that it is an employer under the Family Medical Leave Act and the Americans with Disabilities Act. There is no minimum employee requirement to be subject to the Oklahoma Anti-Discrimination Act.

6. Plaintiff was employed by Respondent from around September 2016 until around September 18, 2019.

7. During all periods of employment Plaintiff was an licensed electrician and held the title of Electrician Journeyman.

8. During all periods of employment the Plaintiff:

   A. held the minimum education required for his position;

   B. held the minimum degree and/or certification requirements required for his position;

   C. held the minimum physical requirements for his position;

9. During all periods of employment the Plaintiff was qualified for his position and performed satisfactorily.

10. Plaintiff suffers from impairments including high blood pressure and periodic but dangerous drops in blood pressure and heart rate, a history of strokes, Atrial fibrillation (AFib) and other related heart conditions which, without regard to the ameliorative effects of mitigating measures, would substantially limit one or more major life activities (including major bodily functions) including but not necessarily limited to circulatory function, breathing and living.

11. Around 2012 Plaintiff was hospitalized and underwent heart surgery to treat conditions including a hole in his heart.

2

12. For reasons including those discussed in paras. 10-11, above, Plaintiff suffers from an actual disability under the ADA and/or has a record of such disability.

13. Plaintiff notified Defendant of his heart conditions and requested time off work when his condition flared and caused Plaintiff to become ill.

14. Plaintiff's requests to take off work when his condition flared were request for reasonable accommodation under the ADA.

15. Plaintiff was off work around July 19, 2019, July 30, 2019 and from around August 19, 2019 through August 23, 2019 because he was ill with his heart conditions.

16. Plaintiff told his supervisors, including Frank Brummett[1] (Site Foreman) and Brent Slaymaker (Field Foreman), that his absences were related to his heart conditions.

17. Plaintiff's heart conditions constitute a serious medical condition under the FMLA.

18. At the time of the absences discussed in para. 15, above, Plaintiff had worked for Defendant for at least one year and had worked at least 1,250 hours in the prior year such that his absences were protected under the FMLA.

19. Defendant never gave Plaintiff individual notice of his rights under the FMLA.

20. Plaintiff's absences, including those discussed above, para. 15, were requests for protected FMLA leave and requests for accommodation under the ADA.

21. Thereafter Plaintiff's physician ordered Plaintiff to begin wearing a heart monitor.

22. Plaintiff told his supervisors, including Mr. Brummett and Mr. Slaymaker, that he had been required to wear a heart monitor.

---

[1] Plaintiff's spelling of names is based on Plaintiff's best recollection.

3

23. Plaintiff asked for the reasonable accommodations of being allowed to wear the heart monitory during working hours.

24. Plaintiff's supervisors, including Mr. Slaymaker, made comments indicating concern about Plaintiff's ability to continue performing his job with his heart conditions.

25. For instance, Mr. Slaymaker told Plaintiff that his heart condition "sounded pretty serious" and asked Plaintiff if he was able to continue working with his heart condition. Although Plaintiff assured Mr. Slaymaker that he was okay to work, Mr. Slaymaker seemed doubtful.

26. By way of other examples, both Mr. Slaymaker and Brummett both asked Plaintiff if he was likely to "drop dead" of a stroke or heart attack.

27. Around early to mid-September Plaintiff informed Jeff Griffin (Supervisor of the Oklahoma City office) of his (Plaintiff's) heart condition, that Plaintiff was having complications with his heart and had been ordered to wear a heart monitor. Plaintiff told Mr. Griffin that he (Plaintiff) had been absent because of his heart-related health conditions. Mr. Griffin appeared frustrated that Plaintiff was having heart issues and needed leave because of his heart issues.

28. For reasons including those described in paras. 24-27, above, Defendant regarded Plaintiff as being disabled.

29. In response, Mr. Griffin reiterated that Plaintiff was required to work a certain number of hours and was expect to work those hours notwithstanding his heart

condition or need for accommodation. Mr. Griffin appeared angry at Plaintiff seeking accommodations for his heart condition.

30. Defendant terminated Plaintiff's employment on September 18, 2017.

31. Mr. Brummett told Plaintiff he was being terminated.

32. Mr. Brummett handed Plaintiff a Notice of Termination that stated Plaintiff was being terminated in part for "absenteeism".

33. Plaintiff told Mr. Brummett that he (Plaintiff) had been absent because of his heart issues. Mr. Brummett acknowledge that Plaintiff's health was the reason for his absences. Mr. Brummett told Plaintiff that Jeff Griffin (Supervisor over the Oklahoma City Office) had ordered Plaintiff's termination.

34. Thereafter Plaintiff spoke with Mr. Griffin about his termination. Mr. Griffin told Plaintiff that he was being terminated because the company needed "full time employees" and that Plaintiff had missed too much work. Plaintiff again told Mr. Griffin that he (Plaintiff) had been off work because of his heart condition. Mr. Griffin acknowledged this was the reason for Plaintiff's absences, but complained that Plaintiff's medical issues "had been going on for weeks". Mr. Griffin told Plaintiff as a full-time employee Mr. Griffin expected Plaintiff to work all hours he was assigned without taking off for his heart condition.

35. Plaintiff attended multiple appointments with his physician after his termination. Had Plaintiff not been terminated he would have been entitled to utilize FMLA leave to attend such appointments.

36. As a direct result of Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration, sadness and similar unpleasant emotions.

37. At the least, significant factors in the decision to terminate the Plaintiff include his disability (including his actual disability, his record of having a disability and/or because Defendant regarded Plaintiff as disabled), his requests for accommodation, his requests to exercise his FMLA rights and/or because he exercised such rights. Plaintiff's requests for accommodation and/or requests for FMLA-protected leave were but-for causes of Plaintiff's termination.

38. Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge of discrimination on January 8, 2020. The EEOC issued Plaintiff his right to sue letter on September 24, 2020 and Plaintiff received such letter thereafter. This petition is timely filed within ninety (90) days of Plaintiff's receipt of his right to sue letter.

## COUNT I

Plaintiff incorporates the above and further alleges:

39. Discrimination on the basis of disability (including an actual disability, a record of a disability and/or because Defendant regarded Plaintiff as disabled) and/or retaliation after Plaintiff requested accommodations, violates the Americans with Disabilities Act.

40. Under this Count the Plaintiff is entitled to his wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

41. Because Defendant's conduct was willful or, at the least, in reckless disregard of his federal rights, Plaintiff is entitled to an award of punitive damages.

42. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT II

Plaintiff incorporates the above and further alleges:

43. Discrimination on the basis of disability (including an actual disability, a record of a disability and/or because Defendant regarded Plaintiff as disabled) and/or retaliation after Plaintiff requested accommodations, violates the Oklahoma Anti-Discrimination Act.

44. Under this Count the Plaintiff is entitled to his back wages and benefits and an equal amount of liquidated damages.

45. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT III

Plaintiff incorporates the above and further alleges:

46. Interference with Plaintiff's FMLA rights and retaliation after Plaintiff exercised and/or attempted to exercise such rights, violate the Family Medical Leave Act.

47. Under this Count the Plaintiff is entitled to his wage loss (including back, present and front pay along with the value of benefits associated with such wages) and an equal amount of liquidated damages.

48. Plaintiff is also entitled to an award of attorney fees and costs.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in his favor and against the Defendants, and grant him all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper in an amount greater than that necessary for diversity jurisdiction.

**RESPECTFULLY SUBMITTED THIS 17th DAY OF DECEMBER 2020.**

HAMMONS, HURST & ASSOCIATES

_/s/ Amber L. Hurst_

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
Brandon D. Roberts, OBA No. 34012
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: amber@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
*Attorneys for Plaintiff*